IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL SALDANA,

    Petitioner,                             No. CIV S-11-2149 JAM DAD P

    vs.

WARDEN LEWIS,

    Respondent.                       FINDINGS AND RECOMMENDATIONS

                                /

        Petitioner, a state prisoner proceeding pro se, has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 17, 2011, respondent filed the pending motion to dismiss, arguing that petitioner's federal habeas petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has filed an opposition to the motion, and respondent has filed a reply.

**BACKGROUND**

        By way of background, a Sacramento County Superior Court jury found petitioner guilty of carjacking with personal use of a firearm. On January 20, 2006, the trial court sentenced petitioner to five years in state prison to be served consecutive to a twenty-six year and four month sentence imposed for a prior carjacking, for a total aggregate term of 31 years and four months in state prison. On May 29, 2007, the California Court of Appeal for the Third

1  Appellate District affirmed the 2006 judgment of conviction. On August 29, 2007, the California
2  Supreme Court denied review. (Resp't's Lodged Docs. 1-6.)

   Applying the mailbox rule[1], on August 14, 2008, petitioner filed a federal habeas petition in this court. See CIV S-08-1928 EFB P. In response to this court's order to respond to that petition, respondent filed a motion to dismiss the petition because it contained unexhausted claims. (See Doc. No. 23.) Instead of filing an opposition to respondent's motion, petitioner moved to voluntarily dismiss his petition. (See Doc. No. 27.) On November 5, 2009, this court granted petitioner's request and dismissed his federal habeas petition without prejudice. (See Doc. No. 28.)

   On December 18, 2009, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. On January 28, 2010, the state appellate court denied the petition and informed petitioner that he needed to first file a petition in the Sacramento County Superior Court. On April 26, 2010, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court. On May 25, 2010, that court denied the petition. On June 9, 2010, petitioner filed a second petition for writ of habeas corpus in the Sacramento County Superior Court. On August 11, 2010, the court denied that petition as well. On August 23, 2010, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. On April 20, 2011, the court denied that petition, citing to the decision in In re Robbins, 18 Cal.4th 770, 780 (1998). Finally, on October 9, 2010, petitioner filed a second petition with the California Supreme Court. On May 18, 2011, the state high court denied that second petition citing to the decisions in In re Robbins, 18 Cal.4th 770, 780 (1998), People v. Duvall, 9 Cal.4th 464, 474 (1995) and In re Swain, 34 Cal.2d 300, 304 (1949). (Resp't's Lodged Docs. 7-16.)

/////

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988).

1  On June 16, 2011, petitioner commenced this action by filing a petition for writ of
2  habeas corpus. Shortly thereafter, petitioner filed his first amended petition.

### RESPONDENT'S MOTION TO DISMISS

I. Respondent's Motion

Respondent moves to dismiss the pending federal petition, arguing that it is time-barred. Specifically, respondent argues that on August 29, 2007, the California Supreme Court denied petitioner's petition for review, causing petitioner's judgment of conviction to become "final" on November 27, 2007, when the time for filing a petition for writ of certiorari expired. Respondent argues that the one-year statute of limitations for filing a federal habeas petition began to run the following day, on November 28, 2007, and expired one year later on November 27, 2008. (Resp't's Mot. to Dismiss at 3-4.)

Respondent acknowledges that the proper filing of a state post-conviction application challenging a judgment of conviction tolls the one-year statute of limitations period. However, respondent argues that petitioner did not file his first petition for writ of habeas corpus in state court until 2010, long after the statute of limitations for the filing of a federal petition had expired. In addition, respondent acknowledges that petitioner filed subsequent petitions for writ of habeas corpus in state court but argues these state habeas petitions cannot not revive or restart the already expired statute of limitations clock. Moreover, respondent contends that the California Supreme Court denied petitioner's fourth and fifth state habeas petitions as untimely and therefore, those petitions could not serve to toll the limitations period in any event because they were not properly filed. Finally, respondent contends that petitioner's prior federal habeas action does not extend the statute of limitations because the filing of a federal petition for writ of habeas corpus does not qualify to toll the statute of limitations. (Resp't's Mot. to Dismiss at 4-6.)

/////
/////

II. Petitioner's Opposition

In opposition to respondent's motion to dismiss petitioner explains that in his prior habeas action in this court he chose to dismiss his case and return to state court because he understood that tolling would apply to the time he spent exhausting his unexhausted claims in state court. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 1.)

III. Respondent's Reply

In reply, respondent contends that petitioner moved to dismiss his prior federal habeas action in this court on his own accord, and that the court simply honored his request. Respondent notes that the court did not mention anything about exhausting claims in state court in its order nor would it have reason to, given petitioner's request that the court dismiss his claims. Moreover, respondent contends that even if the court had discussed the option of petitioner returning to state court to exhaust his unexhausted claims, petitioner still was required to comply with the AEDPA statute of limitations upon his return to federal court. (Resp't's' Reply at 2.)

**ANALYSIS**

I. The AEDPA Statute of Limitations

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

/////

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. Application of § 2244(d)(1)(A)

    As noted above, a Sacramento County Superior Court jury found petitioner guilty of carjacking with personal use of a firearm. On January 20, 2006, the trial court sentenced petitioner to five years in state prison to be served consecutively to a twenty-six year and four month sentence for a prior carjacking. On May 29, 2007, the California Court of Appeal for the Third Appellate District affirmed the judgment of conviction. On August 29, 2007, the California Supreme Court denied review. (Resp't's Lodged Docs. 1-6.)

    For purposes of federal habeas review, petitioner's conviction became final on November 27, 2007, ninety days after the California Supreme Court denied his petition for review. See Summers v. Schriro, 481 F.3d 710, 717 (9th Cir. 2007); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The AEDPA statute of limitations period began to run the following day, on November 28, 2007, and expired one year later on November 27, 2008. Petitioner did not file his federal habeas petition in this case until several years later, on June 16, 2011. Accordingly, petitioner's federal petition for writ of habeas corpus is untimely unless he is entitled to the benefit of tolling.

/////

III. Application of § 2244(d)(2)

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during one full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

As noted above, petitioner filed several petitions for writ of habeas corpus in state court. However, he did not file his first such petition until December 18, 2009, long after the statute of limitations for the filing of a federal habeas petition had expired. "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Moreover, although petitioner filed a federal habeas action in this court before returning to state court to exhaust his claims, a federal petition for writ of habeas corpus also does not serve to toll the AEDPA statute of limitations. See Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the AEDPA statute of limitations). Accordingly, petitioner is not entitled to statutory tolling of the AEDPA statute of limitations.

IV. Equitable Tolling

To the extent petitioner is suggesting in his opposition that this court was required to advise him either of the AEDPA statute of limitations or of his options with respect to stay and abeyance procedures before dismissing his prior federal habeas petition, he is in error. As an

initial matter and as noted by respondent, petitioner moved to voluntarily dismiss his case and this court honored his request. Moreover, even if this court had taken the extra step of determining that all of the claims set forth in petitioner's prior federal habeas action were unexhausted, which there is no indication that it did, the court was under no obligation to "inquire further as to the petitioner's intentions. Instead, [o]nce a district court determines that a habeas petition contains only unexhausted claims,] it may simply dismiss the habeas petition for failure to exhaust." Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Similarly, if this court went the extra step of determining that petitioner's initial federal habeas petition contained both exhausted and unexhausted claims, which again there is no indication that it did, the court was not required to warn petitioner about the available procedures for seeking a stay or of the potential adverse consequences of dismissing a "mixed" petition. See Pliler v. Ford, 542 U.S. 225, 231-32 (2004). In this regard, it is well established that "district judges have no obligation to act as counsel or paralegal to *pro se* litigants." Id. at 231. See also Robbins v. Carey, 481 F.3d 1143, 1148 (9th Cir. 2007); Ford v. Pliler, 590 F.3d 782, 784 (9th Cir. 2009). Petitioner has certainly made no showing that he was affirmatively misled by the court when it granted his request to voluntarily dismiss his initial federal petition as would be required in order to find him entitled to equitable tolling of the statute of limitations. See Ford, 590 F.3d at 786-89.[2]

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Doc. No. 15) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-

---

[2] Nor does it appear petitioner could make such a showing. The court's one-page order merely acknowledged both that petitioner had notified the Clerk of Court of his intent to dismiss that earlier habeas action and his right to do so and directed the Clerk of Court to enter petitioner's dismissal without prejudice. No. CIV S-08-1928 EFB P, Doc. No. 28.

one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: April 11, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
sald2149.157